**U.S. BANKRUPTCY COURT**
**District of South Carolina**

Case Number: **12-05171-dd**

### ORDER ON APPLICATION TO EMPLOY

The relief set forth on the following pages, for a total of 11 pages including this page, is hereby ORDERED.

**FILED BY THE COURT**
**12/06/2012**



/s/ David R. Duncan
David R. Duncan
US Bankruptcy Judge
District of South Carolina

Entered: 12/07/2012

**UNITED STATES BANKRUPTCY COURT
DISTRICT OF SOUTH CAROLINA**

| | |
|---|---|
| IN RE: | C/A No. 12-05171-DD |
| Larry Lee Biddle and Virginia Marshall Biddle, | Chapter 11 |
| | **ORDER DENYING APPLICATION FOR EMPLOYMENT** |
| Debtor. | |

This matter is before the Court on the objection entered September 24, 2012, of the United States Trustee ("U.S. Trustee") to the debtors' application for employment of attorney Rose Marie Cooper to represent the debtors, Larry Lee Biddle and Virginia Marshall Biddle ("Debtors"), as debtors-in-possession. Debtors submitted a response to the objection. The U.S. Trustee filed a supplemental objection. Debtors submitted an amended application to employ Ms. Cooper. A hearing was held on the U.S. Trustee's objection on November 20, 2012.

Debtors filed this chapter 11 petition on August 22, 2012. They submitted, on September 20, 2012, an application to employ Rose Marie Cooper of the Cooper Law Firm ("application") to represent them as debtors-in-possession. Ms. Cooper states in her affidavit attached to the application that with the exception of Ms. Cooper's representation, in a prior chapter 11 case, of "a corporation in which Debtor was a board member," "neither Cooper Law Firm nor [Ms. Cooper has] connections with the Debtors, creditors, or any other party in interest, their respective attorneys and accountants, the United States Trustee or any person employed in the Office of the United States Trustee." Ms. Cooper also avers in her affidavit that both she and Cooper Law Firm are disinterested persons as that term is defined in 11 U.S.C. § 101(14) and that they do not hold or represent an interest adverse to the estate.

1

The U.S. Trustee objected to the application. In his initial objection, the U.S. Trustee referenced an Order entered by this Court on May 23, 2012, in the cases of *In re Kathryn C. McLean,* Case No. 11-04459-jw, *In re The Jerry Cox Company*, Case No. 10-06501-jw, and *In re Michael Dante Hughes and Angela Ann Hughes*, Case No. 11-01286-jw (collectively referred to herein as the "Disgorgement Cases"). That Order required Ms. Cooper to disgorge fees to the debtors involved in the Disgorgement Cases due in part to her use of fees paid by the debtors without Court approval. The May 23d Order directed Ms. Cooper to make monthly payments to those debtors for 45 months beginning on June 1, 2012, and directed Ms. Cooper, beginning on September 1, 2012, to make quarterly written reports to the U.S. Trustee providing evidence showing the required payments had been made. The May 23d Order also directed Ms. Cooper to provide the Court and U.S. Trustee with an accounting of the funds taken from the retainers in the Disgorgement Cases within fifteen days. In his initial objection to the application in this case, The U.S. Trustee asserted Ms. Cooper had not provided the quarterly report due on September 1, 2012. The U.S. Trustee also indicated he had filed in the McLean Disgorgement Case a motion requesting the Court find Ms. Cooper in civil contempt and a motion for sanctions. The U.S. Trustee asserted that a denial of Ms. Cooper's employment application in this case was appropriate based on her actions in the Disgorgement Cases and her failure to abide by the Court's May 23d Order.

Ms. Cooper responded to the U.S. Trustee's objection and stated that while she believed the report to the U.S. Trustee was due in September, she "inadvertently did not read the order well enough to understand that the report was due on the first day of that month." She indicated the report was delivered to the U.S. Trustee on September 26, 2012.

In an Order entered October 22, 2012, regarding the U.S. Trustee's motions for contempt and sanctions in the McLean Disgorgement Case, Judge Waites found that Ms. Cooper failed to timely file with the Court an accounting of the withdrawals from the retainers, failed to make timely

2

payments to the debtors in the Disgorgement cases, and failed to timely submit the quarterly report due to the U.S. Trustee. The October 22d Order directed Ms. Cooper to strictly and timely comply with the May 23d Order, file the accounting required by the May 23d Order by October 29, 2012, and pay reasonable fees and expenses to the U.S. Trustee incurred as a result of pursuing the contempt and sanction motions. Additionally, the October 22d Order noted that the debtors in the Disgorgement Cases had been slow or reluctant to negotiate the reimbursement checks issued by Ms. Cooper. The Court stated it was a requirement of the May 23d Order that the debtors accept and timely negotiate the reimbursement checks received from Ms. Cooper.[1]

In his supplemental objection, the U.S. Trustee asserts the application to employ Ms. Cooper in this case should be denied because of her actions in the Disgorgement Cases and her non-compliance with the May 23d Order. The U.S. Trustee also argues that Ms. Cooper has significant connections with Debtors and Debtors' son, James Marshall Biddle, which should have been disclosed in her application and which disqualify her from representing Debtors. These connections, which the U.S. Trustee asserts should have been disclosed, include the following:

1. James Marshall Biddle, who is listed as a co-debtor on Debtors' Schedule H, also appears to be a creditor of Debtors' estate based on the monthly operating report for September 2012, which reflects payments made to the James Marshall Biddle's law firm in the amount of $1,415 for legal services provided to Larry Biddle in December 2011.

2. James Marshall Biddle appears to have represented Ms. Cooper in legal matters in 2011 and 2012.

---

[1] It is not clear that the May 23d Order was served on the Jerry Cox Company.

3

    3. Ms. Cooper indicated in the application for employment before the Court that she "represented, in a prior Chapter 11 case, a corporation in which the Debtor was a board member." However, she did not disclose that she was counsel for the debtor in one of the Disgorgement Cases—*In re Jerry Cox Company*—and that Larry Lee Biddle, one of the debtors in this case, was president of the Jerry Cox Company. Moreover, under the May 23d Order in the Disgorgement Cases, Ms. Cooper owes the Jerry Cox Company money.

    4. Ms. Cooper was substitute bankruptcy counsel in the first bankruptcy case of *In re Coastal Dining One, Inc.*, Case No. 09-08699-jw, and James Marshall Biddle was the secretary and 12% owner of Coastal Dining One.

Ms. Cooper filed an amendment to her application for employment responding to the U.S. Trustee's argument that she has connections with Debtors that should have been disclosed. With respect to the first connection, she states James Marshall Biddle is not a creditor of the Debtors and that the U.S. Trustee has been provided documentation regarding a check written from Debtors' debtor-in-possession account to their son's law firm. She indicates the funds were forwarded to pay a traffic ticket the son had negotiated on behalf of Larry Biddle.[2] As for the second connection, Ms. Cooper concedes that James Marshall Biddle did represent her in some legal matters in 2011 and 2012. Again, with the respect to the third connection, she concedes that she did represent the Jerry Cox Company, that Larry Lee Biddle is a board member and president of Jerry Cox, and that she has been ordered to disgorge fees to Jerry Cox. Finally, Ms. Cooper also concedes the fourth connection asserted by the U.S. Trustee. Ms. Cooper "continues

---

    [2] At the hearing, the U.S. Trustee stated that in light of Ms. Cooper's amendment to her application, he was not pursuing an argument that James Marshall Biddle is a pre-petition creditor. However, the U.S. Trustee continued to assert that the disclosure should have been made.

4

to assert that neither [she] [n]or Cooper Law Firm hold or represent an interest adverse to the Debtors' estate."

The term "debtor in possession" means the debtor in a chapter 11 case unless a person that has qualified under 11 U.S.C. § 322 is serving as trustee in the case. 11 U.S.C. § 1101(1). In the present case, no trustee has been qualified and thus Debtors are debtors in possession. In general, debtors in possession have the same rights, powers, and duties as a trustee. 11 U.S.C. § 1107(a). Pursuant to 11 U.S.C. § 327(a) and except as otherwise provided in section 327, "the trustee, with the court's approval, may employ one or more attorneys . . . that do not hold or represent an interest adverse to the estate, and that are disinterested persons, to represent or assist the trustee in carrying out the trustee's duties under this title." "Notwithstanding section 327(a) . . . , a person is not disqualified for employment under section 327 . . . by a debtor in possession solely because of such person's employment by or representation of the debtor before the commencement of the case." 11 U.S.C. § 1107(b). Under Bankruptcy Rule 2014(a), an application for employment of counsel must state "the specific facts showing the necessity for the employment, the name of the person to be employed, the reasons for the selection, the professional services to be rendered, any proposed arrangement for compensation, and, <u>to the best of the applicant's knowledge, all of the person's connections with the debtor, creditors, any other party in interest</u>, their respective attorneys and accountants, the United States trustee, or any person employed in the office of the United States trustee." (emphasis added). As the Fourth Circuit Court of Appeals has noted, "[i]n enacting the Bankruptcy Code, Congress entrusted the power to approve the appointment of professionals to work on behalf of a bankruptcy estate to the discretion of the bankruptcy courts." *In re Harold & Williams Dev. Co.*, 977 F.2d 906, 909 (4th Cir. 1992). The Bankruptcy Code "gives broad discretion to the

5

bankruptcy court over the appointment of professionals to work on behalf of the trustee and the estate, in part by empowering the court to approve candidates so selected." *Id.* "[O]nce the trustee meets the burden of demonstrating that an applicant for professional employment is qualified under § 327 . . . the discretion of the bankruptcy court must be exercised in a way that it believes best serves the objectives of the bankruptcy system." *Id.* at 910. "Among the ultimate considerations for the bankruptcy courts in making these decisions must be the protection of the interests of the bankruptcy estate and its creditors, and the efficient, expeditious, and economical resolution of the bankruptcy proceeding." *Id.*

As an initial matter, the Court does not conclude that Ms. Cooper is disqualified from serving as counsel for Debtors in this case based solely on her actions in the Disgorgement Cases and her non-compliance with the May 23d Order. To hold that she is disqualified would be effectively issuing a sanction beyond what was imposed in the Disgorgement Cases. Second, the Court concludes the connections identified by the U.S. Trustee in his supplemental objection should have been disclosed in Ms. Cooper's initial application. "Published bankruptcy court decisions are quite consistent in requiring that debtors-in-possession and their attorneys, whose employment is sought to be approved, be meticulous in disclosing 'all connections' with the debtor and other parties in interest, the failure to do so justifying a court's taking significant punitive or corrective action." *In re Byington*, 454 B.R. 648, 657 (Bankr. W.D. Va. 2011); *see also In re Dickson Prop., LLC*, 2012 WL 2026760, at *8 (E.D. Va. June 5, 2012) ("Bankruptcy Rule 2014 disclosure is not optional; it's mandatory."); *In re Matco Elec. Group, Inc.*, 383 B.R. 848, 853 (Bankr. N.D.N.Y. 2008) ("It is also apparent that the obligation to disclose is not a subjective one, whereby the professional discloses only those 'connections' that he/she/it concludes are relevant."); *In re Granite Partners, L.P.*, 219 B.R. 22, 35 (Bankr. S.D.N.Y. 1998)

6

(noting a bankruptcy court "relies primarily on forthright disclosure to determine qualification under section 327" and "should not have to rummage through files or conduct independent factfinding investigations to determine if the professional is disqualified") (internal quotation marks and citation omitted)).

Having concluded these connections should have been disclosed, the Court must determine the appropriate remedy. "If no actual conflict of interest is presented and the Court is satisfied that there was no intent to conceal on counsel's part, disqualification of counsel and/or denial of all compensation is not mandated and the proper remedy is left to the Court's broad discretion." *Byington*, 454 B.R. at 657. "Nevertheless, because '[t]he objective of requiring disclosure is not so much to protect against prejudice to the estate, but to ensure undivided loyalty and untainted advice from professionals[,] . . . lack of disclosure in and of itself is sufficient to warrant disqualification, even if in the end there was no prejudice.'" *Id.* (omission in *Byington*) (quoting *In re Midway Indus. Contractors, Inc.*, 272 B.R. 651, 664 (Bankr. N.D. Ill. 2001)); *see also In re EBW Laser, Inc.*, 333 B.R. 351, 359-60 (Bankr. M.D.N.C. 2005) ("'The Bankruptcy Court may, in its discretion, disqualify counsel, or deny compensation, as a sanction for failure to make the disclosure required by Rule 2014(a).'") (quoting *In re Southern Kitchens, Inc.*, 216 B.R. 819, 830 (Bankr. D. Minn. 1998)); *Granite Partners*, 219 B.R. at 40 ("In this regard, the failure to make proper disclosure may itself warrant disqualification and partial or complete denial of compensation."); *In re EWC, Inc.*, 138 B.R. 276, 280 (Bankr. W.D. Okla. 1992) ("Violation of the disclosure rules alone is enough to disqualify a professional and deny compensation, regardless of whether the undisclosed connections or fee arrangements were materially adverse to the interests of the estate or were *de minimis*."). The Court finds that the failure of Ms. Cooper to disclose the connections the U.S. Trustee identifies is sufficient in and

7

of itself to disqualify her from representing the bankruptcy estate in this chapter 11 proceeding. In particular, Ms. Cooper only disclosed in her initial application that she "represented, in a prior Chapter 11 case, a corporation in which [Larry Lee Biddle] was a board member." She did not disclose that as a result of the May 23d Order in the Disgorgement Cases, she is a debtor of the Jerry Cox Company, the corporation of which Larry Biddle is president. Ms. Cooper is thus a debtor of an insider of a debtor in the present case. *See* 11 U.S.C. § 101(31). Ms. Cooper also did not disclose that another insider of Debtors, James Marshall Biddle, represented her in some legal matters in 2011 and 2012. *See id.* In light of what transpired in the Disgorgement Cases, Ms. Cooper should have been particularly vigilant in ensuring that she complied with the Bankruptcy Code and Rules in this case.

Even if the four connections the U.S. Trustee identifies had been disclosed, the U.S. Trustee asserts that the first three connections disqualify Ms. Cooper from representing Debtors. Under 11 U.S.C. § 327(a), Ms. Cooper must "not hold or represent an interest adverse to the estate" and must be a "disinterested" person. While the phrase "interest adverse to the estate" is not defined in the Bankruptcy Code, a number of bankruptcy courts have defined it as meaning "'either (1) the possession or assertion of any economic interest that would tend to lessen the value of the bankruptcy estate or create an actual or potential dispute with the estate as a rival claimant, or (2) a predisposition of bias against the estate.'"[3] *Byington*, 454 B.R. at 656 (quoting

---

[3] Some courts hold that a professional's relationship must give rise to an actual conflict of interest as opposed to a potential conflict. 2 William L. Norton, Jr., *Norton Bankruptcy Law and Practice* § 30:5 (3d ed.). "An actual conflict involves the representation of two presently competing and adverse interests, while a potential conflict occurs where the competition may become active if certain contingencies arise." *Granite Partners*, 219 B.R. at 33 (citation and internal quotation marks omitted). Other courts hold there is no distinction between actual and potential conflicts. Norton, *supra*, § 30:5. The Fourth Circuit has cautioned against fashioning "*absolute* prohibitions beyond those legislatively mandated without some measure of assurance that the purposes of the Bankruptcy Code *always* will be served thereby." *Harold & Williams*

8

*Granite Partners*, 219 B.R. at 33). The term "disinterested person" is defined in the Bankruptcy Code as "a person that (A) is not a creditor, an equity security holder, or an insider; (B) is not and was not, within 2 years before the date of the filing of the petition, a director, officer, or employee of the debtor; and (C) does not have an interest materially adverse to the interest of the estate or of any class of creditors or equity security holders, by reason of any direct or indirect relationship to, connection with, or interest in, the debtor, or for any other reason."[4]  11 U.S.C. § 101(14).

After careful consideration, the Court concludes Ms. Cooper is disqualified under section 327(a) from representing Debtors for the following reasons: (1) under the May 23d Order in the Disgorgement Cases, Ms. Cooper is currently a debtor of an insider of the debtors in this case, the Jerry Cox Company; (2) Larry Biddle, who is president of Jerry Cox, has indicated an unwillingness or, at best, a hesitancy to negotiate the checks Ms. Cooper is required to send to Jerry Cox under the May 23d Order; (3) another insider of Debtors, their son, has represented Ms. Cooper in some recent legal matters; and (4) Ms. Cooper failed initially to disclose these connections even after what happened in the Disgorgement Cases.  While none of these reasons appear to constitute actual conflicts at this point, they do give rise to potential conflicts and "create the appearance of conflict of interest or impropriety." *In re Rabex Amuru of N.C., Inc.*, 198 B.R. 892, 895 (Bankr. M.D.N.C. 1996); *see also In re Codesco, Inc.*, 18 B.R. 997, 999-1000 (Bankr. S.D.N.Y. 1982) (concluding "[t]here is no question that the purpose of the incorporation of the disinterest requirement in 11 U.S.C. [§] 327 was to prevent even the appearance of a

---

*Dev. Co.*, 977 F.2d at 910. In light of this precedent, this Court concludes the better approach is to evaluate each case individually taking "into account the facts of a particular case and the overall objectives of the bankruptcy system." *Id.*

[4] "The 'materially adverse' standard incorporated in the disinterestedness test and the 'interest adverse to the estate' language in section 327(a) overlap." *Granite Partners*, 219 B.R. at 33.

conflict irrespective of the integrity of the person or firm under consideration" and "[t]here should be no opportunity for the exercise of conflicting interests or the appearance that dual loyalty may exist"); *In re WVS, Inv. Joint Venture*, 1990 WL 191864, *2 (D. Colo. Jan. 4, 1990) ("Section 327 is intended to address the appearance of impropriety as much as its substance, to remove the temptation and opportunity to do less than duty demands."). It is the sum of these connections that disqualifies Ms. Cooper. For instance, the fact that Ms. Cooper is a debtor of Jerry Cox raises concerns over whether she may place the interests of this insider above those of the bankruptcy estate, and the fact that Debtors' son represented her in some recent legal matters raises questions as to whether he did so in exchange for her representing his parents in this case. Additionally, there is uncertainty about the fee arrangement in this case as there is no retainer, which raises concerns about whether Ms. Cooper is representing Debtors in exchange for Jerry Cox not negotiating the checks she is required to send under the May 23d Order.

For the reasons set forth herein, the U.S. Trustee's objection to Debtors' application for employment of attorney Rose Marie Cooper is sustained, and the application is denied. Given the complexity of chapter 11 cases, Debtors are encouraged to quickly move forward with employment of other counsel.

AND IT IS SO ORDERED.